**PRIORITY SEND**
**JS-6**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

<u>CIVIL MINUTES -- GENERAL</u>

Case No.   EDCV 12-00826 VAP (OPx)                    Date:  May 31, 2012

Title:       CANTERBURY LOTS 68, LLC *-v-* HECTOR CISNEROS
===============================================================
PRESENT:         HONORABLE VIRGINIA A. PHILLIPS, U.S. DISTRICT JUDGE

|  |  |
|---|---|
| Marva Dillard | None Present |
| Courtroom Deputy | Court Reporter |

| ATTORNEYS PRESENT FOR PLAINTIFFS: | ATTORNEYS PRESENT FOR DEFENDANTS: |
|---|---|
| None | None |

PROCEEDINGS:         MINUTE ORDER REMANDING ACTION TO THE
                                CALIFORNIA SUPERIOR COURT FOR THE COUNTY OF
                                RIVERSIDE, AND DENYING AS MOOT PLAINTIFF'S EX
                                PARTE APPLICATION TO REMAND (DOC. NO. 4)
                                (IN CHAMBERS)

        On May 21, 2012, pro se Defendant Hector Cisneros, invoking the Protecting
Tenants at Foreclosure Act ("PTFA"), 12 U.S.C. § 5220 note, removed this unlawful
detainer action from the California Superior Court for the County of Riverside.  (<u>See</u>
Not. of Removal (Doc. No. 1).)  As discussed below, the PTFA provides no federal
claim under which Cisneros can invoke this Court's federal question jurisdiction.
Accordingly, the Court REMANDS this matter to the California Superior Court for the
County of Riverside.

MINUTES FORM 11                            Initials of Deputy Clerk ___md____
CIVIL -- GEN                          Page 1

EDCV 12-00826 VAP (OPx)
CANTERBURY LOTS 68, LLC  v. HECTOR CISNEROS
MINUTE ORDER of May 31, 2012

Removal jurisdiction is governed by statute.  See 28 U.S.C. §1441.  The Ninth Circuit applies a strong presumption against removal jurisdiction, ensuring "the defendant always has the burden of establishing that removal is proper."  Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992) (citing Nishimoto v. Federman–Bachrach & Assocs., 903 F.2d 709, 712 n.3 (9th Cir. 1990)); see also In re Ford Motor Co./Citibank, 264 F.3d 952, 957 (9th Cir. 2001) ("The party asserting federal jurisdiction bears the burden of proving the case is properly in federal court.").  "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."  28 U.S.C. § 1447(c); FW/PBS, Inc. v. Dallas, 493 U.S. 215, 231 (1990) ("federal courts are under an independent obligation to examine their own jurisdiction"); see also Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.")

Cisneros alleges the basis for removal is federal question jurisdiction, under 28 U.S.C. § 1331, because Plaintiff's claims "arise under" federal law.  (See Not. of Removal ¶ 10.)  From the face of the Complaint, however, Plaintiff's only claim is for unlawful detainer, a California state law action.  See Franchise Tax Bd. v. Constr. Laborers Vacation Trust, 463 U.S. 1, 10 (1983) (holding that a defendant may not remove a case to federal court unless the basis for federal jurisdiction is apparent on the face of the complaint).

Rather than provide a federal cause of action, the PTFA offers a federal law defense to state law unlawful detainer actions.  Wescom Credit Union v. Dudley, No. CV 10-8203 GAF (SSx), 2010 WL 4916578, at *2 (C.D. Cal. Nov. 22, 2010).  Existence of only a federal law defense cannot confer federal question jurisdiction on the Court, and therefore may not be the basis for removal of an action.  Caterpillar Inc. v. Williams, 482 U.S. 386, 393 (1987).  Accordingly, Cisneros cannot invoke the Court's jurisdiction under 28 U.S.C. § 1331, and the Court REMANDS this action to the California Superior Court for the County of Riverside.  Plaintiff's Ex Parte Application to Remand (Doc. No. 4) is DENIED as moot.

**IT IS SO ORDERED.**